PER CURIAM.
Norman A. Svoboda appeals from a final judgment in favor of Bayer Corporation and Eekerd Corporation of Florida following a products liability trial. Mr. Svoboda argues for reversal, claiming that several evidentiary rulings made by the trial court constituted prejudicial error. Having examined each of the claimed errors carefully, we disagree and affirm without further discussion.
On cross-appeal, Bayer argues that the trial court erred as a matter of law in holding that the time for filing its motion to tax costs expired thirty days after the jury’s verdict, rather than thirty days after the judgment was filed. We agree. Florida Rule of Civil Procedure 1.525 provides that “[a]ny party seeking a judgment taxing costs, attorney’s fees, or both shall serve a motion no later than thirty days after filing of the judgment ....” (Emphasis added). Bayer filed a motion for en *1205 largement of time to file a motion to tax costs less than thirty days after the final judgment was filed. As such, Florida Rule of Civil Procedure 1.090(b) controls. In pertinent part, that rule provides:
(b) Enlargement. When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown, the court at any time in its discretion (1) with or without notice, may order the period enlarged if request therefor is made before the expiration period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specific period, may permit the act to be done when failure to act was the result of excusable neglect. ...
Fla. R. Civ. P. 1.090(b).
Bayer’s motion for an extension of time to file its motion to tax costs was timely, as it was served within thirty days after the final judgment was filed. Consequently, the trial judge erred in concluding that Bayer’s motion was untimely. On remand, the trial judge should grant Bayer’s motion if good cause is shown as required by rule 1.090(b).[1]
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ORFINGER, LAWSON and EVANDER, JJ., concur.

. Contrary to Mr. Svoboda's assertion, excusable neglect is not an issue for the trial court’s consideration of Bayer’s timely motion. Excusable neglect would be relevant only if Bayer’s motion had been untimely. See Fla. R. Civ. P. 1.090(b).